# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DONALD FEAGIN,**

    **Plaintiff,**

v.

**ALI (Last Name Unknown),** *et al.***,**

    **Defendants.**

**Case No. 2:21-cv-05444**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Donald Feagin, acting *pro se*, brings this civil action against Ali (last name unknown), Lisa Rhees, and Stop Inc. (Doc. 1-1). The matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), Plaintiff's Motion is **GRANTED**. It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff.

**II. INITIAL SCREEN**

A.  **Relevant Standard**

Because Plaintiff is proceeding *in forma pauperis*, the Undersigned must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

B.  **The Complaint**

Plaintiff Feagin alleges that in November 2021, a counselor at a sex-offender program at Stop Inc. violated two criminal statutes and Feagin's constitutional rights. (Doc. 1-1 at 3–5). He asserts that during a group meeting, a counselor named Ali (last name unknown) said that Feagin had admitted to certain sexual activities during a polygraph test. (*Id*. at 3–4). Feagin denied making the statements and said he was not going to incriminate himself. (*Id*. at 4). Ali insisted he had made the statements and knew that the acts were a crime. (*Id*.). Feagin told Ali that he would

not "go[] around and around" about it. (*Id.*). Ali replied that if he would not, he was terminated from the program. (*Id.*). Feagin left the meeting. (*Id.*). There is no further information in the Complaint about "the program" or whether Feagin was terminated from it.

Feagin asserts that Ali violated 18 U.S.C. § 241 and 18 U.S.C. § 242, criminal statutes that discuss a "Conspiracy against rights" and a "Deprivation of rights under color or law" respectively. (Doc. 1-1 at 4). He asserts that Ali violated his Fifth Amendment right against self-incrimination at the meeting. (*Id.*). Feagin also raises a violation of "Article 14, of the Constitution," which the Undersigned presumes refers to Amendment XIV, the Fourteenth Amendment, as indicated on Feagin's Civil Cover Sheet. (Doc. 1-2). This claim is not developed. The Complaint does not contain any specific allegations with respect to actions taken by Linda Rhees or the purported liability of Stop Inc.

Feagin asks to be made whole. (Doc. 1-1 at 5). He appears to ask to be transferred to Stop Inc. meetings in another city, and for monetary damages. (*Id.*).

**C.  Discussion**

The Complaint fails to state a claim upon which relief can be granted. First, Feagin has no private right of action, or right to sue, under the criminal statutes he cites. Second, his Fifth Amendment claim fails because there are no allegations that any incriminating statement was used in a criminal proceeding. Third, his Fourteenth Amendment claim simply fails to state sufficient facts to plausibly allege an equal protection or due process claim. Finally, his claims against Lisa Rhees fail because he has not alleged that Rhees took any action or had any personal involvement in this matter, and his claims against Stop Inc. fail because he has not identified any official policy or well-settled custom that caused the alleged deprivation of rights.

   1.  *Criminal Claims under 18 U.S.C. § 241 and 18 U.S.C. § 242*

Feagin alleges that Ali violated 18 U.S.C. § 241 and 18 U.S.C. § 242, which concern a "Conspiracy against rights" and a "Deprivation against rights under color of law." (Doc. 1-1 at 2, 4). "These are criminal statutes; alleged violations can only be considered by the Court after a federal grand jury has returned an indictment . . . ." *Kennedy v. Warden, Marysville Reformatory for Women*, No. 2:20-CV-2979, 2021 WL 3578096, at *1 (S.D. Ohio Aug. 13, 2021). There is no allegation here that a federal indictment has been returned.

Moreover, these criminal statutes "do not provide for a private right of action" for a private plaintiff like Feagin. *See Kelly v. City of New Philadelphia*, No. 5:11CV474, 2011 WL 3705151, at *2-3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)) ("The district court properly dismissed [plaintiff's] claim pursuant to 18 U.S.C. §§ 241 or 242 because [he] has no private right of action under either of these criminal statutes."). In other words, "[a]lthough a federal prosecutor may begin a judicial proceeding to enforce a criminal statute, a private citizen may not." *Abdel-Malak v. Cape Fear Valley Med. Ctr.*, No. 5:20-CV-00221, 2020 WL 5792456, at *4 (E.D.N.C. July 24, 2020). "Where a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Flood v. Reed*, No. 2:16-CV-778, 2017 WL 1021364, at *3-4 (S.D. Ohio Mar. 16, 2017) (citing *Kafele v. Frank & Woolridge Co.*, 108 F. App'x. 307, 308-09 (6th Cir. 2004)).

Accordingly, Feagin fails to state a claim upon which relief may be granted under the criminal statutes and the Undersigned **RECOMMENDS** that the claims thereunder be **DISMISSED**.

  2. *Civil Claims under 41 U.S.C. § 1983*

  Although Feagin does not have a private right to sue under the criminal statutes, he may be attempting to raise a civil claim for constitutional violations under 42 U.S.C. § 1983. A plaintiff doing so must set forth facts satisfying two elements: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).

  It appears that Feagin is asserting a violation of the Fifth Amendment right against self-incrimination and a violation of the Fourteenth Amendment. Before addressing the substance of his claims, the Undersigned notes that the Complaint does not contain sufficient facts to determine whether any of the defendants were acting under color of state law. "[A]s a general rule, § 1983 does not reach the conduct of private parties acting in their individual capacities." *Weser v. Goodson*, 965 F.3d 507, 515-16 (6th Cir. 2020) (citing *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007)). Feagin does suggest that the polygraph and group meeting at Stop Inc. are part of a sex-offender program (Doc. 1-1 at 5), which may be court-ordered. Assuming without deciding that Feagin has plausibly alleged state action for the purpose of this screen, his claims against two of the defendants should nonetheless be dismissed because he has pled no facts with respect to their actions or liability.

  Specifically, while Feagin has alleged some facts with respect to Ali, he has not alleged any facts with respect to Defendant Lisa Rhees or identified who she is. He does not allege that Rhees took any of the actions described in the Complaint, and his claims against her are subject to dismissal for this reason. *See Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012)

5

("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.").

To the extent that Rhees may be Ali's supervisor, Rhees cannot be held liable by virtue of that position alone.  *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citing *Miller v. Calhoun County,* 408 F.3d 803, 817 n. 3 (6th Cir.2005)) ("Because § 1983 liability cannot be imposed under a theory of *respondeat superior,* proof of personal involvement is required for a supervisor to incur personal liability.").  As the Complaint contains no such facts, the Undersigned **RECOMMENDS** that the claims against Lisa Rhees be **DISMISSED**.

Feagin identifies Defendant Stop Inc. as the location of the polygraph and the group meeting.  He has not alleged any facts to show that Stop Inc.—if it is a person acting under color of state law—can be held responsible for the Ali's actions.  There are no facts in the Complaint alleging that Stop Inc.'s official policy or custom caused a deprivation of rights.  *See Green v. Dorman*, No. 2:19-CV-2968, 2019 WL 3220555, at *3 (S.D. Ohio July 17, 2019) (*quoting McDaniel v. Bechard*, No. 18-cv-12843, 2019 WL 1372170, at *4 (E.D. Mich. Feb. 20, 2019)) (a private corporation acting under color of state law can be "liable under § 1983 only when its official policy or well-settled custom causes the alleged deprivation of federal rights.").  The Undersigned therefore **RECOMMENDS** that the claims against Stop Inc. be **DISMISSED**.

With respect to the counselor Ali, Feagin asserts that she violated his Fifth Amendment rights when she insisted that he admitted making certain statements during a polygraph. (Doc. 1-1 at 4).  He says that while he was talking at a group meeting,

> Ali broke in and said you told him that you were having sex with prostitutes so they could have money for drugs. I denied saying that. She started yelling, you did say it. You know [that] it's a crime. I told her at that point that I was not going to incriminate myself. I knew she was violating my 5th amendment right to self-incrimination, and Article 14, of the Constitution.

6

(*Id*. at 4).  These allegations, even if they are read to allege that Ali attempted to coerce an incriminating statement from Feagin, fail to state a § 1983 claim.

Under the Fifth Amendment, "No person . . . shall be compelled in any criminal case to be a witness against himself."  U.S. CONST. amend. V.  But, "mere coercion does not violate the . . . Self-Incrimination Clause absent use of the compelled statements in a criminal case."  *McKinley v. City of Mansfield*, 404 F.3d 418, 430 (6th Cir. 2005) (quoting *Chavez v. Martinez*, 538 U.S. 760, 769 (2003) (plurality opinion)).  "It is only once compelled incriminating statements are used in a criminal proceeding . . . that an accused has suffered the requisite constitutional injury for purposes of a § 1983 action."  *McKinley*, 404 F.3d at 430.  Here, the Complaint does not allege that any purportedly incriminating statements have been used in a criminal proceeding.  As such, Feagin's Complaint fails to state a §1983 claim for a violation of the Fifth Amendment and the Undersigned **RECOMMENDS** that the claim be **DISMISSED**.

Finally, the Complaint asserts that that these facts also represent a violation of the Fourteenth Amendment.  (Doc. 1-1 at 4; Doc. 1-2).  There is no further information provided with respect to this claim, the nature of which is not immediately apparent.

The Due Process Clause of the Fourteenth Amendment provides that a person may not be deprived of "life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV, § 1.  The Equal Protection Clause provides that "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws."  *Id*.  Here, the Complaint alleges no facts to suggest that Ali deprived Feagin of any particular liberty interest.  The Complaint likewise alleges no facts that state an equal protection claim.  *See Green,* 2019 WL 3220555, at *3 (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)) ("Standing alone, simple verbal harassment does not .

7

. . deprive a [plaintiff] of a protected liberty interest or deny a [plaintiff] equal protection of the laws.").

Although the main thrust of the Complaint is that Ali violated Feagin's rights during the group meeting, he elsewhere notes that he "discovered that she gave another Black member of the group a maintenance test at the same time of his sexual history polygraph, which isn't done. He goes to jail for a period of time." (Doc. 1-1 at 4). To the extent these allegations were intended to suggest an equal protection claim, they are insufficient. "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.,* 470 F.3d 286, 299 (6th Cir.2006)). Here, Feagin appears to suggest that he was treated *similarly* to another group member, or that he fears he will be treated similarly to another group member by being sent to jail.

Although Feagin is proceeding *pro se* and his Complaint is to be construed liberally, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), to avoid dismissal, the Complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Feagin's complaint fails to do so in this respect. Accordingly, the Undersigned **RECOMMENDS** that Feagin's Fourteenth Amendment claim be **DISMISSED**.

### III. CONCLUSION

Based upon the foregoing, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** the Complaint in its entirety. Further, should the

District Judge adopt this recommendation, the Undersigned further **RECOMMENDS** that the District Judge find that any appeal in this matter by Plaintiff would not be taken in good faith, and Plaintiff may not proceed on appeal *in forma pauperis*.

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: January 7, 2022  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE